# SUPERIOR COURT

Jessie M. Budlong    ⎫
       vs.         ⎬ Div. No. 2381
Milton J. Budlong   ⎭

RESCRIPT

February 10, 1925

CAPOTOSTO, J. The petitioner seeks a divorce from bed and board on the grounds of neglect to provide, cruel and abusive treatment and gross misbehavior.

Mr. and Mrs. Budlong were married in Scranton, Pennsylvania, in 1898, and have three children—a daughter, Frances, now twenty-two years old, and two sons, John and Milton, about twelve and nine years of age respectively. Their early married life was passed in various

places; the permanent residence was finally fixed in New York city. Here Mr. Budlong made money and Mrs. Budlong began to show a desire for society and social recognition.

It would be a vain effort to attempt to go into the evidence presented in this case. The fundamental facts, covering a period of some 25 years, with their ramifications, explanations and innunendoes cannot be summarized but must be considered in their entirety to be intelligently understood. Even this fails to a certain extent to explain the true atmosphere surrounding the court during the trial of this case, for the record, though complete, fails to convey to the reader the varied physical expressions of speech and demeanor which qualified or accompanied a given bit of testimony.

While the immediate problem presents a question of law, the ultimate rights of the parties really rest upon the solution of a series of facts and characteristics which are more psychological than legal. In broad terms the general picture presented shows a man who by earnest efforts and untiring application to business ultimately attains a position of comparative wealth. His eagerness to succeed makes him labor early and late, weekdays and holidays. Two things he desired most: results in the business world and a contented family that could know no want. During the time that Mr. Budlong was accumulating the means which would insure the future welfare of his family, his wife was gradually losing the proper perspective of family and social life and began to cherish a hope—which later became a longing—for ultimate admission to the most exclusive circles of society. At first we see a family which enjoyed the reasonable comforts of wealth; later we discern a household which, insofar as the wife and daughter are concerned, is the center of ambitious plans, both as to manner of living and places of abode.

Money was the key with which the desired end was to be accomplished, and this Mrs. Budlong secured from her husband through various means. Although at first the husband contributed willingly, he later was reluctant and toward the end seriously remonstrated because the expenses far exceeded his income. Nevertheless, yielding to the suggestions, desires, importunities and ultimately the threats of his wife, Mr. Budlong gave her everything she desired, including the purchase of "The Reef," a palatial summer residence for the family situated at Newport.

Mr. Budlong was essentially a business man who enjoyed pleasant surroundings and limited social activities. He did not, however, aim to reach the social heights which his wife hoped for and which for him had no real attractions. His indulgent and yielding attitude towards his wife was a means which Mr. Budlong adopted, perhaps inadvisedly, in an endeavor to keep his family together.

Social ambition, a desire to have control of unlimited funds, over-sensitiveness, stern determination and unwarranted jealousy and suspicion are the predominant characteristics of the petitioner as disclosed by the evidence in this case. Mr. Budlong has been lavish in the support and maintenance of his wife and family. The charge that he neglected to provide necessaries according to his means is unjust.

As to the allegation of cruel and abusive treatment, the evidence denies the accusations of the petitioner. Rather than his having been proven guilty of a conscious and preconceived course of cruel conduct towards his wife, the testimony shows that Mr. Budlong exercised patience

and forbearance to the highest de-
gree under the most trying circum-
stances.

The evidence produced to sustain
the charge of gross misbehavior  is
based solely upon conjecture and sus-
picion.  An over jealous mind dis-
torts innocent  acts  into improper
conduct.  This phase of the case es-
pecially must be considered in  its
entirety to appreciate in a more  or
less definite manner the mental  at-
titude which the petitioner took  to-
ward her husband.  The testimony
clearly disproves  this  unwarranted
charge and leaves  Mr. Budlong as
the real sufferer at the hands of his
wife through charges inconsiderately
made which were unfounded in fact.

The petition is therefore denied.

The  unfortunate position of  the
two boys, John and Milton, reflects
the saddest aspect of this case.  At
an age when character is developing
and when influence for good or  bad
may either make or destroy their en-
tire future, the welfare of these boys
is of the utmost concern to this court.
They are regular boys and as  such
they should be subjected to discipline
while permitted to enjoy the reason-
able privileges of any youngsters of
their  age.  Manliness, self-reliance,
love of home and parents, and  the
appreciation that luxuries are to be
expected only as the result of effort
and accomplishment  are traits  of
character which every father wishes
to develop in his offspring. This court
is of the opinion that these desirable
characteristics not only can not  be
developed but on the contrary will be
stifiled in the atmosphere in  which
the children are now living. The suc-
cess which the petitioner has  had
with her 22 year old daughter, Fran-
ces, does not command itself to  the
court.  A daughter brought to wo-
manhood under the control of  the
petitioner, who, after receiving every
bounty at the hands of her  father,

ungratefully denies him even the op-
portunity of speaking to her, does not
reflect a  prior  course  of training
which tends to the stability of home
and family.

While Mrs. Budlong is undoubted-
ly a  lady of  unimpeachable moral
character, yet this fact alone is in-
sufficient to entitle her to the  cus-
tody of the boys.  That she is  at-
tached to John and Milton is con-
ceded, but Mr. Budlong loves them,
too.  Mrs. Budlong on the one  hand
has produced a rather unsatisfactory
result, to say the least, in the bring-
ing up of Frances; Mr. Budlong, on
the other, has made a success in life,
knows men and appreciates the dif-
ficulties that must be encountered by
our young men of the future. At pres-
ent the children are in an enervating
atmosphere which does not promise
real results to anyone.

Section 14 of Chapter 291, General
Laws of 1923, provides that this court
"may regulate the custody and  pro-
vide for the education, maintenance
and support of children * * * * * of
all persons to whom a separate main-
tenance may be granted or who may
petition for the same."

'Upon the denial of any such peti-
tion, the aggrieved party has a right
to prosecute a bill of exceptions  as
in any other civil action.  To all in-
tents and purposes  the  petitioner,
even where the petition for separate
maintenance is denied by this court,
still  continues "to petition for  the
same" until the period of seven days
during  which  exceptions  may  be
prosecuted has expired without any
proceedings for review having been
taken, or if such proceedings have in
fact been instituted, until determina-
tion by a court of final jurisdiction.
If this court were inclined to avoid
responsibility, it might with pro-
priety deny the petition without fur-
ther consideration.  In this particular
case, however, to overlook the ques-

tion of custody because of an apparent innovation in the practice heretofore followed would be unfair to the parties and to the state. For many days the innermost secrets of the Budlong family have been openly divulged. The predicament in which the elders find themselves may be due to choice or to unfortunate circumstances, but the two boys, John and Milton, are the innocent sufferers in this whole affair. For their sake, therefore, this court, for the reasons hereinbefore stated, decides that the custody of the said minor children, John and Milton Budlong, should be and such custody is hereby granted to the father, Milton J. Budlong, until further order of the court. Any decree heretofore entered in this case as to the custody of the said minor children is hereby vacated. Mrs. Budlong, if she desires, is to have every reasonable and proper opportunity of enjoying the company of her children from and after the entry of this order. I trust that this phase of the boys' life may be amicably adjusted by the parties without further intervention by the court.

As the Budlongs are essentially a New York family, it may develop that the best interests of the boys demand their leaving Rhode Island. Mr. and Mrs. Budlong originally came to this state as summer residents of Newport, and Mrs. Budlong probably remains here principally for the purposes of this case. The court, while expressing confidence in Mr. Budlong in his returning the boys to the jurisdiction of this court whenever required, yet feels that if at any time Mr. Budlong deems it for the best interests of his sons to take them outside of this jurisdiction, he shall first enter into a bond, with sufficient surety or sureties to be approved by the court, in the penal sum of $50,000 running to Sydney D. Harvey, Clerk

of the Superior Court for the County of Newport, or his successors in office, to and for the use of the State of Rhode Island, conditioned upon his (Mr. Budlong) returning his said sons, John and Milton Budlong, to this jurisdiction whenever and at such times, during the pendency of this petition, as their presence in this state is required or demanded by our courts.

The respondent in compliance with this rescript may enter a decree denying the petition and vacating any previous order relating to or concerning the custody or control of said minor children. He may further enter an interlocutory decree awarding the custody of the said minor children to the said respondent, Milton J. Budlong, upon the terms and conditions hereinbefore stated.

For petitioner: Malcolm D. Champlin.

For respondent: Albert Phillips and Chauncey E. Wheeler of Hinckley, Allen, Tillinghast & Phillips for respondent.